16321

STATE v. EVANS

(57 S. E. (2d) 756)

*Messrs. Hemphill & Hemphill,* of Chester, *for Appellant,*

*Mr. W. G. Finley, Solicitor,* of York, *for Respondent,*

February 25, 1950.

BAKER, Chief Justice.

The appellant and another were tried, convicted and sentenced at a term of the Court of General Sessions for Chester County on March 8, 1949, on an indictment charging them

with manufacturing whiskey on February 11, 1949. The warrants for the arrest of the defendants also alleged the date as of February 11, 1949.

On the trial of the case, the witnesses for the State fixed the date as of February 10, 1949. When the State closed its case, the appellant moved for a direction of a verdict of not guilty on the grounds: (1) That there was a material variance between the indictment and the proof, and (2) That the appellant was taken by surprise by said variance.

After considerable discussion, the State moved to amend the indictment to conform to the proof. Appellant objected thereto on the ground that he was taken by surprise. Appellant's motion for a direction of verdict was refused, and the State was permitted to amend so as to allege the date as of February 10, 1949, and the trial proceeded.

Following the arrest of the appellant, either he or his counsel demanded a preliminary hearing before the magistrate who issued the warrant, which hearing was granted, and the testimony then taken was that on the 10th day of February, 1949, the appellant and two others were at the site of the still, and that upon becoming aware of the presence of officers, the appellant and the other two men ran. Appellant and his counsel therefore knew prior to the finding of a "true bill" on the indictment that February 10, 1949, was the date on which the appellant would have to furnish an alibi if such was a part of his defense. No issue was made at the preliminary hearing as to the date testified to by the witnesses, so the appellant had ample notice to be prepared with his alibi testimony for such date. Of course, if no preliminary hearing had been held, and for the first time the witnesses for the prosecution fixed the date as February 10, 1949, when the appellant was prepared with his witnesses to prove an alibi for February 11, 1949, then it would have been proper for the trial Judge, after permitting the amendment of the indictment to conform if such was necessary, to have declared a mistrial, and continued the case until the appellant could

procure witnesses to testify as to his whereabouts on the date alleged in the indictment as amended.

We find no error in the refusal of the trial Judge to direct a verdict of not guilty at the close of the testimony on behalf of the State on the ground that there was material variance between the date alleged in the indictment and the testimony; nor did the trial Judge err in permitting the indictment to be amended so as to charge the manufacture of whiskey on February 10th.

The real issue in this case is whether the trial Judge erred in refusing the motion of the appellant for a direction of verdict of not guilty at the close of the testimony of the State on the ground that there was no evidence of an overt act on the part of the appellant in the manufacture of whiskey; or any evidence, that is, circumstantial or direct, tending to prove that the appellant was engaged in the manufacture of whiskey as alleged in the indictment.

It appears to us that the evidence in the cases of *State v. Brock*, S. C., 126 S. E. 765, not reported in the S. C. Reporter, and *State v. Quick*, 199 S. C. 256, 19 S. E. (2d) 101, was much stronger against the defendants-appellants in those cases than in the instant case, and yet this Court held therein that the trial Judge in the respective cases erred in not granting the motions of the defendants-appellants for direction of verdicts of not guilty. A brief summary of the facts in those cases is set out in *State v. Jackson et al.,* 210 S. C. 214, 42 S. E. (2d) 230.

On the morning of February 10, 1949, at or about 9 o'clock, Magistrate Stevenson of the Leeds community or section of Chester County, having information that there was a still located about one and one-half miles from his store, and suspecting that this still would be in operation, phoned to the office of the Sheriff of Chester County, and as a result of his call Ben Gregory and Sam Robinson, deputies, came to Mr. Stevenson's store. From there, and piloted by Mr. Stevenson, these three officers proceeded to the site of the

still. Upon reaching same, at about 10:30 o'clock that morning, they observed three men—two white, and one Negro—sitting around a little fire off from the still, but in close proximity thereto, and these deputies testified that they recognized the Negro, and one of the white men, the appellant. Upon becoming aware of the presence of the officers, all three ran and got away. The appellant resided about fifteen miles from the still site. When the officers made an examination of the still and premises, they found a 100-gallon copper still, two barrels of mash, tin tub buckets, shovels, an axe and several other things. There was some whiskey in a small container sitting on a steel drum. The still showed evidence of usage at this site, and that at some time very recently, approximately one week, a run had been made. Everything was in readiness for meal and sugar to be added to the beer from the first run to make a second run, but neither meal nor sugar was found to be there. The state of the fermentation of the mash found there was favorable to be used in making whiskey.

There is not a scintilla of evidence of any overt act on the part of appellant, or any one else in his presence, which would constitute the offense of manufacturing whiskey without a license. To the contrary, the witnesses in behalf of the prosecution testified that there was no wood around the still site, that neither the appellant nor those sitting around a small fire with him warming carried any wood, chopped any wood, carried any water, built any fire that would have put the still into operation or commenced its operation; that neither the appellant nor the two men seen in his presence went around the barrels of mash, or to where a small container of whiskey was sitting on a steel drum, and that they couldn't say that the appellant had ever been engaged in the operation of this still.

So all that we have here is testimony that the appellant was recognized as one of the men sitting around or near a still on February 10, 1949, where whiskey had been manu-

factured by some one probably a week before, but doing no overt act in connection with the manufacture of whiskey; and that he ran when the officers called out to him and commenced to fire pistols and rifles. And where is the man, occupying the appellant's station in life, who wouldn't have tried to escape under the same circumstances, it matters not how innocent of wrongdoing on this occasion he may have been?

Adopting almost verbatim the language used in *State v. Quick,* 199 S. C. 256, 19 S. E. (2d) 101, we think there can be no doubt but that the evidence strongly tends to show an intention on the part of the appellant to engage in the manufacture of liquor; certainly such inference may reasonably be drawn. But intent alone, not coupled with some overt act toward putting the intent into effect, is not cognizable by the Courts. The law does not concern itself with mere guilty intention, unconnected with any overt act. *State v. Kelly,* 114 S. C. 336, 103 S. E. 511; 14 Am. Jur., Sec. 25, page 786.

Moreover, the record discloses that the State relied wholly upon circumstantial evidence, which evidence in this case does not measure up to the test of the established law of this State and is not such as would justify the submission of the issue of the guilt of the appellant to the jury.

For the reasons above stated, we hold that the trial Judge should have granted the appellant's motion for a direction of verdict of not guilty, and that it was error not to so do.

Reversed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.