19768

The STATE, Respondent, v. Leon TABORY, Appellant
(202 S. E. (2d) 852)

*Messrs. J. Lewis Cromer* and *John I. Sweeney,* of Columbia, *for Appellant,*

138

*George C. Kosko, Asst. Sol.,* of Columba, *for Respondent,*

February 11, 1974.

LITTLEJOHN, Justice:

The grand jury of Richland County indicted the defendant-appellant, Leon Tabory, charging in the first count that on October 12, 1972, he "did knowingly and intentionally possess a quantity (1 tablet) of Amphaplex 20, a controlled substance, such substance not having been obtained as authorized by Act No. 445, Acts of 1971, General Assembly of South Carolina, while being an inmate in the South Carolina Department of Corrections."

In the second and third counts of the indictment, in language identical to that of the first count, Tabory was charged with possessing a quantity (39.2 micrograms) of LSD and a quantity (0.4151 grams) of hashish, respectively.

Upon the trial of the case, the trial judge instructed the jury that "this case was brought under two Code Sections of our Code of Laws." He proceeded to charge, first, § 32-

1510.49(b) (Cum. Supp. 1971) of the laws regulating controlled substances and dangerous drugs and secondly (over objection of counsel) § 55-383 (Supp. 1972), which is entitled "Contraband."

Tabory was found guilty and sentenced to serve eight years consecutive to the term of imprisonment he was then serving.

Tabory contends that the trial judge erred in instructing the jury relative to § 55-383 because of the indictment did not charge a violation of that section. We agree.

In 23A C. J. S. Criminal Law § 1311 (1961), the applicable general rule is stated to be as follows:

"As a general rule the instructions should be confined to the issues made by the pleadings, and should not be broader or narrower than the indictment or information, and an instruction which is not based on, and in conformity with, the issue properly raised by the pleadings is generally erroneous, . . . It has been held that the instructions should not . . . submit to the jury an offense not included in the indictment or information."

The logical reason for this rule is that a defendant in a criminal case is entitled to be tried only upon the charges in the indictment against him. See *Stirone v. United States,* 361 U. S. 212, 80 S. Ct. 270, 4 L. Ed. (2d) 252 (1960).

Section 17-402 of the Code (1962) sets forth the guidelines under which an indictment is to be judged in determining whether the allegations thereof are sufficient to charge a particular crime. In *State v. McIntire,* 221 S. C. 504, 71 S. E. (2d) 410 (1952), we held that the true test of the sufficiency of an indictment is whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. The offense intended to be charged must be described with sufficient particularity that conviction or acquittal thereupon may be pleaded in bar to any subsequent prosecution. We held in *State v. Soloman,*

245 S. C. 550, 141 S. E. (2d) 818 (1965), that an indictment phrased substantially in the language of the statute is ordinarily sufficient.

Section 55-383 provides as follows:

"Contraband.—It shall be unlawful for any person to furnish or attempt to furnish any prisoner under the jurisdiction of the Department of Corrections with any matter declared by the Director to be contraband. It shall also be unlawful for any prisoner under the jurisdiction of the Department of Corrections to possess any matter declared to be contraband. Matters considered contraband within the meaning of this section shall be those which are determined to be such by the Director and published by him in a conspicuous place available to visitors and inmates at each correctional institution. Any person violating the provisions of this section shall be deemed guilty of a felony and upon conviction shall be punished by a fine of not less than one thousand dollars nor more than ten thousand dollars or imprisonment for not less than one year nor more than ten years, or both."

Applying the standards referred to hereinabove, the conclusion that the allegations contained in this indictment were not adequate to charge an offense under § 55-383 is inescapable. Nowhere was it stated therein that the items possessed by Tabory had been "declared by the Director [of the Department of Corrections] to be contraband," which is a necessary element of that offense. The indictment is phrased, not substantially in the verbiage of the contraband statute §55-383, but rather in the language of § 32-1510.49(b), which proscribes possession and which constitutes a portion of Act No. 445 of 1971 referred to in the indictment.

The State places much emphasis on the fact that upon the front of this indictment appeared the caption, "Contraband—three counts." We have held that a defendant may not ignore the plain language of an indictment merely because its cap-

tion does not precisely conform with the wording on its face. *Crady v. State,* 248 S. C. 522, 151 S. E. (2d) 670 (1966). by the same token, the State may not support a conviction for an offense intended to be charged by relying upon a caption to the exclusion of the language contained in the body of the indictment.

From our conclusion that the allegations contained in this indictment were insufficient to charge an offense under § 55-383, it follows that the trial judge erred in instructing the jury relative to that section. Accordingly, this case is reversed and remanded for a new trial.

Our disposition of this issue renders unnecessary the disposition of other questions raised by this appeal which are unlikely to occur upon the retrial.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.