21172

The STATE, Respondent, v. Willie DUNCAN, Jr., Appellant.

(264 S. E. (2d) 421)

*H. F. Partee* and *William L. Dodson, Jr.,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

March 19, 1980.

*Per Curiam:*

Defendant-appellant Willie Duncan, Jr. was convicted in January of 1979 of the murder of Walker Rochester and of housebreaking and petty larceny. The court imposed a sentence of life imprisonment for murder and five years concurrent on the other charges. The defendant appeals, asserting that the trial judge erred (1) in failing to quash his indictment, (2) in permitting witness Leonard C. Strength, of the Alcohol, Tobacco and Firearms (ATF) Division of the U. S. Treasury Department, to testify, and (3) in admitting testimony on the part of Strength alleged to be hearsay.

Rochester had been found dead in his home in January 1975, obviously murdered. The charge was made against the defendant three years later, after a .32 caliber Clerke revolver, serial number 149706, allegedly stolen from the victim the night of the crime, was traced through numerous owners to the defendant. The box in which the revolver was purchased, with serial number imprinted thereon, had been found in the home of the deceased. Also, fingerprints matching those of the defendant were found at the scene of the crime.

The defendant contends that the trial judge erred in denying his motion to quash the indictment. The motion was based solely on the total number of indictments returned by the grand jury on the day it returned a true bill against him. The defendant argues that it was humanly impossible in the time the grand jury was in session for it to have weighed the evidence presented against him and

other defendants who were indicted that day. This, he submits, resulted in the effective denial of his fifth amendment right to a grand jury indictment. We disagree.

This court has previously noted that the fifth amendment requires only that the indictment be returned by a legally constituted and unbiased grand jury and that the indictment must be valid on its face. *State v. Williams,* 263 S. C. 290, 210 S. E. (2d) 298 (1974). The fifth amendment requirements implicitly recognize the traditional view that the deliberations of a grand jury must remain secret and inviolate. We adhere to that view. From the record before us, we cannot agree that the indictment should have been quashed. The length of time spent deliberating a matter, even if it could be established, does not control the effectiveness of the deliberation. The requirements of the fifth amendment were met.

The State's case was largely, if not entirely, circumstantial. The solicitor presented evidence showing that the revolver, together with the box in which it was purchased, were in the possession of the victim just before his death. After his death, the revolver could not be found, but the box, with the serial number imprinted thereon, was still in his residence where he died. The State traced the possession and ownership of the pistol from witness Ronald J. Davis (who delivered it to the police officers) back to the defendant. State's witness Johnson, on cross-examination, testified that the victim had procured the pistol from a Mr. Snow.

The name of witness Strength was not included on the witness list supplied by the solicitor to defense counsel as required by a mutual discovery provision of a local court rule. It is a rule promulgated by the Thirteenth Judicial Circuit and is not included in the Circuit Court Rules for the State. Under the terms of this local rule, counsel voluntarily agreed: "to disclose the names and addresses of all prospective State's witnesses, including expert witnesses, and to permit the examination of said witnesses prior to trial" and "to disclose all additional information of the type

requested that comes to the attention of the solicitor after the initial compliance with this request." The defendant contends that this mutual discovery provision was violated and that Strength should not have been permitted to testify. The State contends that Strength's testimony became relevant and admissible only after cross-examination of witness Johnson and that the provision was not violated.

Whether the provision was violated or not is of no consequence since the local rule is not in keeping with the constitutional mandate for a unified judicial system. Article V, Section 1, of the South Carolina Constitution provides:

"The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."

Article V, Section 4, of the constitution provides:

"The Supreme Court shall make rules governing the administration of all the courts of the State. *Subject to the statutory law, the Supreme Court shall make rules governing the practice and procedure in all such courts.*" (Emphasis added.)

We hold that under these constitutional mandates a circuit court may not promulgate its own ". . . rules governing . . . practice and procedure . . ." The promulgation of rules by the respective circuits is inconsistent with the constitutional mandate, and we therefore find that the rule, though well intentioned, is unconstitutional and void.* The trial judge properly exercised his discretion in allowing Strength to testify. With or without the rule, the defendant was not prejudiced in this instance, since his counsel was aware of the nature of Strength's testimony and declined an opportunity to confer with the witness prior to his taking the witness stand. The exception is not sustained.

---

* We raise and dispose of the issue *ex mero motu* because of the rule's impact on cases hereafter tried in the Thirteenth Judicial Circuit.

Finally, the defendant argues that the substance of Strength's testimony should have been excluded because of its hearsay character. Strength testified that the records maintained by the ATF Division of the U. S. Treasury indicated that a Mr. Snow had purchased the pistol in question from a TG&Y Store in Greenville. This corresponded with the testimony of witness Johnson as to how the victim obtained the pistol. Mr. Snow, the principal in the purchase, was dead.

We find that the testimony was admissible under § 19-5-510 of the Code, commonly referred to as the Uniform Business Records as Evidence Act. That act reads in pertinent part:

"A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular of business, at or near the time of the act, condition or event and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Strength testified that his agency was the custodian of the record in question, that the records were made in the normal course of business and prepared as required by law. The only objection by the defendant was directed toward the fact that Strength had to obtain the records from his agency's central record center rather than maintaining them in his Greenville office. This does not alter the fact that the ATF Division of the U. S. Treasury maintained the records and that Strength was an employee of that agency. As such he was competent to testify from the agency's records.

The matters raised by the defendant are without merit. Accordingly, the judgment of the lower court is

Affirmed.