21400

The STATE, Respondent, v. Sandra Foster SHOEMAKER, Appellant.
(275 S. E. (2d) 879)

*Asst. Appellate Defender David W. Carpenter, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

March 4, 1981.

HARWELL, Justice:

Sandra Foster Shoemaker appeals her conviction of obtaining a controlled substance by misrepresentation, deception and subterfuge in violation of Section 44-53-390(a)(3), Code of Laws of South Carolina (1976). We affirm.

Shoemaker contends that the trial judge erred by failing to grant her timely motion to quash the indictment against her.[1] She asserts that the indictment is too general and that it fails to specify the alleged misrepresentations or deception.

The indictment provides in relevant part: "That *SANDRA JEAN SHOEMAKER a/k/a SANDRA RENEE FOSTER* did in *Greenville* County on or about the *October 8th through October 15th, 1979,* acquire a controlled *sub-*

---

[1] The timeliness of the motion became an issue due to a local rule of practice in the Thirteenth Judicial Circuit which was apparently more restrictive than § 17-19-90 of the Code. On appeal, however, the State concedes that the motion was timely made and that the local rule is void due to our decision in *State v. Duncan,* S. C., 264 S. E. (2d) 421 (1980), decided five days after this trial.

*stance, Demerol, by misrepresentation, deception and subterfuge in violation of 44-53-390(a)(3)."* We also take note from the record that the parties evidently engaged in voluntary, mutual discovery prior to the trial. Shoemaker therefore had actual knowledge of the State's case against her.

We have stated that an indictment must set forth the offense charged with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he or she is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent conviction. *State v. Crenshaw,* S. C., 266 S. E. (2d) 61, 62 (1980). An indictment phrased substantially in the language of the statute which creates and defines the offense is ordinarily sufficient. *State v. Tabory,* 262 S. C. 136, 202 S. E. (2d) 852 (1974).

Section 44-53-390(a) provides in pertinent part that, "It is unlawful for any person knowingly or intentionally: . . . (3) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge." The indictment at issue is certainly phrased substantially in the language of the statute. The indictment also gives the appellant notice of the time of the alleged unlawful activity and identifies the substance allegedly acquired.

Shoemaker's knowledge of the case against her is significant too. She obviously knew what crime she was being prosecuted for. See, *State v. Crenshaw, supra.* The circumstances here do not support the contention that the indictment failed to fulfil its purposes. There is no indication that the appellant was unfairly prejudiced by the proceedings below.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.