507 S.E.2d 322

**Charles GRANGER, Jr., Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24844.

Supreme Court of South Carolina.

Submitted Sept. 24, 1998.
Decided Oct. 26, 1998.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for petitioner.

Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

WALLER, Justice:

We granted certiorari to review the grant of petitioner's application for post-conviction relief (PCR). We reverse.

## FACTS

Petitioner, Charles Granger, Jr., was indicted for trafficking in cocaine. The indictment reads:

That CHARLES GRANGER, JR. did in Greenville County on or about June 16, 1994, knowingly sell, manufacture, deliver or bring into the State of South Carolina, or did knowingly provide financial assistance or otherwise aid, abet or conspire to sell, manufacture, deliver or bring into the State or was knowingly in actual or constructive possession of **more than ten (10) grams** of Crack Cocaine. This is in violation of South Carolina Code of Laws § 44–53–375. (Emphasis supplied).

Granger pled guilty. During his plea, it was revealed the quantity of crack he had trafficked was 58.44 grams; the plea judge advised Granger the potential sentence was between 7 and 25 years. He was sentenced to 15 years.[1]

Granger filed for PCR, contending his indictment was insufficient to put him on notice that he could be sentenced for trafficking **between 28 and 100 grams** of crack. He claimed the indictment only put him on notice he could be sentenced

---

1. He was also sentenced to 5 years for possession with intent to distribute marijuana; no challenge is raised to that conviction or sentence.

for trafficking **between 10 and 28 grams** of cocaine. The circuit court agreed and remanded the case for resentencing.

## DISCUSSION

South Carolina's trafficking statute, S.C.Code Ann. § 44–53–375(C) (Supp.1997) provides, in pertinent part, "A person who knowingly sells, manufactures, delivers, purchases, or brings into this State, . . . **ten grams or more** . . . of crack cocaine, . . . **is guilty of a felony which is known as 'trafficking in** . . . crack cocaine' and, upon conviction, must be punished [to varying fines and sentences depending on] the quantity involved." The statute then provides different sentences and fines, depending upon the amount of drugs trafficked.[2] Granger contends the indictment charging him with trafficking "more than 10 grams" only put him on notice he was charged with trafficking between 10 and 28 grams of crack. We disagree.

An indictment is sufficient if it apprises the defendant of the elements of the offense intended to be charged and apprises the defendant what he must be prepared to meet. *State v. Evans*, 322 S.C. 78, 470 S.E.2d 97 (1996). In *State v. Towery*, 300 S.C. 86, 386 S.E.2d 462 (1989), we held an indictment which alleged the defendant "did traffic in cocaine by willfully, unlawfully and knowingly having in his possession a quantity of cocaine" was sufficient to confer subject matter jurisdiction notwithstanding its failure to specify the quantity of cocaine alleged to be in defendant's possession. Under *Towery*, the indictment here was sufficient. *Accord Darby v. State*, 516 So.2d 775 (Ala.Crim.App.1986), *rev'd on other grounds*, 516 So.2d 786 (1987) (indictment alleging defendant

---

2. For a first offense, the sentences and fines are as follows:

(1) 10 to 28 grams—not less than three years nor more than ten years, and a fine of twenty-five thousand dollars;

(2) 28 grams to 100 grams—not less than seven years nor more than twenty-five years, and a fine of fifty thousand dollars;

(3) 100 grams to 200 grams—a mandatory term of imprisonment of twenty-five years, and a fine of fifty thousand dollars;

(4) 200 to 400 grams—a mandatory term of imprisonment of twenty-five years, and a fine of one hundred thousand dollars;

(5) 400 grams or more, a term of imprisonment of not less than twenty-five years nor more than thirty years and a fine of two hundred thousand dollars.

trafficked "28 grams or more" of cocaine, without specifying the exact amount of cocaine sufficient; provisions of trafficking relating to minimum sentencing requirements did not involve "elements of the offense" of trafficking).[3]

Moreover, this case is distinguishable from other cases of this Court dealing with **amendments to an indictment.** Under S.C.Code Ann. § 17–19–100 (1976), an indictment may be amended at trial only if the amendment does not change the nature of the offense charged. *Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997). In *Hopkins v. State,* 317 S.C. 7, 451 S.E.2d 389 (1994), this Court held the amendment to an indictment changing the offense from felony driving under influence (DUI) causing great bodily injury to felony DUI causing death, changed the nature of offense, as punishment was increased from 10 to 25 years. *Accord State v. Riddle,* 301 S.C. 211, 391 S.E.2d 253 (1990) (amendment to indictment to increase offense from 3rd degree CSC to 1st Degree CSC, and increase potential punishment from 10 to 30 years). More recently, in *Clair v. State,* 324 S.C. 144, 478 S.E.2d 54 (1996), the defendant was indicted for trafficking in cocaine weighing more than 100 grams and **less than 200 grams.** Defense counsel consented to an amendment of the indictment to an amount **more than 200 grams** and less than 400 grams. We held the amendment increased the penalty involved, thereby changing the nature of the offense and depriving the circuit court of subject matter jurisdiction.

Unlike the above cited cases, the present case does not involve an **amendment** to Granger's indictment. The critical difference between *Clair* and the present case, and the fundamental flaw in the trial court's holding, is that Granger's indictment does not state that Granger was charged with trafficking **less than 28 grams** of crack. On the contrary, it merely states he is charged with trafficking **more than 10 grams.** Under *Towery,* this was sufficient to put Granger on notice of the charge he had to meet, i.e., trafficking. Accord-

---

3. Similarly, this Court has recognized the **punishment** for a crime is not and never has been considered a part of the pleading charging a crime. *State v. Butler,* 277 S.C. 452, 290 S.E.2d 1 (1982).

6

ingly, the trial court had subject matter jurisdiction to accept Granger's plea and, the grant of PCR is

**REVERSED.**

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.