578 S.E.2d 717

**The STATE, Petitioner,**

v.

**Leroy WILKES, Respondent.**

**No. 25607.**

Supreme Court of South Carolina.

Heard Feb. 5, 2003.
Decided March 17, 2003.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Melody J. Brown, of Columbia; and Solicitor John R. Justice, of Chester; for petitioner.

Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; for respondent.

MOORE, Justice.

We granted the State's petition for a writ of certiorari to determine whether the Court of Appeals improperly vacated respondent's assault convictions. *State v. Wilkes*, 346 S.C. 67, 550 S.E.2d 332 (Ct.App.2001). We reverse the Court of Appeals.

## FACTS

Respondent was indicted on one count of resisting arrest and two counts of assault on a correctional facility employee. He was convicted as charged and sentenced to one year imprisonment for resisting arrest, two years consecutive for the first assault, and three years consecutive for the second assault. Respondent appealed on the basis the indictments on the two counts of assault on a correctional facility employee were insufficient to confer jurisdiction on the trial court.

The body of one indictment reads: "That Leroy Wilkes did in Chester County on or about April 24, 1999[,] assault Officer Marilyn K. Givens while she was attempting to process him after his arrest." The other indictment is identically worded, except it names a different victim, Eric Schmid. One indictment is captioned: "ASSAULT ON CORRECTIONAL FACILITY EMPLOYEE § 16–3–630."[1] The other is captioned: "ASSAULT ON CORRECTIONAL OFFICER." Both indictments contain a title of the charge in the body of the indictment that states: "ASSAULT ON CORRECTIONAL FACILITY EMPLOYEE § 16–3–630."

A majority of the Court of Appeals vacated the two assault convictions, finding the indictments did not contain a necessary element of the offense of assault upon a correctional facility employee because the officers were not identified as correctional facility employees in the body of the indictments. The court ruled the term "officer" was insufficient because the term could have referred to the arresting officer and not the correctional facility employee. The court, citing *State v. Tabory*, 262 S.C. 136, 202 S.E.2d 852 (1974), further found the State could not rely on the caption of the indictments to bolster the fatally deficient indictments.

Chief Judge Hearn dissented. She found the indictments, viewed as a whole, were sufficient to confer jurisdiction because, while the body of the indictments did not allege the officers were correctional facility employees, that fact was so indicated by the caption and title of the indictments.

## ISSUE

Were the indictments for assault on a correctional facility employee sufficient to confer jurisdiction upon the trial court?

## DISCUSSION

■ A circuit court has subject matter jurisdiction to convict a defendant of an offense if there is an indictment that

---

1. S.C.Code Ann. § 16–3–630 (Supp.2002) states: "A person convicted of assault upon an employee of a state or local correctional facility performing job-related duties must serve a mandatory minimum sentence of not less than six months nor more than five years...."

sufficiently states the offense, the defendant waives presentment, or the offense is a lesser-included offense of the crime charged in the indictment. *Brown v. State,* 343 S.C. 342, 540 S.E.2d 846 (2001). An indictment is sufficient if it apprises the defendant of the elements of the offense intended to be charged and apprises the defendant what he must be prepared to meet. *Granger v. State,* 333 S.C. 2, 507 S.E.2d 322 (1998). Further, an indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon. *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995).

We find the indictments, as a whole, were sufficient to confer jurisdiction upon the trial court. The indictments apprised respondent of the elements of the offense intended to be charged and apprised him of what he must be prepared to meet. *See Granger v. State, supra.* The bodies of the indictments indicate that respondent assaulted an officer while the officer was attempting to process him after his arrest. This language is substantially in the language of § 16–3–630 which defines the offense charged. *See State v. Shoemaker,* 276 S.C. 86, 275 S.E.2d 878 (1981) (indictment phrased substantially in language of statute which creates and defines offense is ordinarily sufficient). The captions indicate the victim was a correctional facility employee or cite § 16–3–630. Both indictments contain titles of the charge in the bodies that state the victim was a correctional facility employee and both cite § 16–3–630. The indictments clearly stated the offense with sufficient certainty and particularity to enable the trial court to know what judgment to pronounce and respondent to know what he was being called upon to answer. *See Browning v. State, supra.*

We disagree with the Court of Appeals' reading of *State v. Tabory, supra,* that the caption of an indictment cannot be relied upon to confer jurisdiction upon the trial court. In *Tabory,* the Court held that "the State may not support a conviction for an offense intended to be charged by relying upon a caption *to the exclusion of the language contained in the body of the indictment." Tabory,* 262 S.C. at 141, 202 S.E.2d at 854 (emphasis added). In this case, the State is not

relying on the captions of the indictments to the exclusion of the language contained in the bodies of the indictments. *Tabory* does not hold that the caption of an indictment may not be considered when, as here, it is consistent with the charging language, nor does it prohibit the court from looking at the title of an indictment when scrutinizing the indictment for legal sufficiency.

Because the indictments were sufficient, the Court of Appeals erred by vacating respondent's convictions for assault on a correctional facility employee.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT, JJ., and Acting Justice JAMES R. BARBER, III, concur.