579 S.E.2d 534

**The STATE, Respondent,**

v.

**Douglas Edward McCLOUD, Appellant.**

No. 3625.

Court of Appeals of South Carolina.

Heard Feb. 25, 2003.

Decided April 14, 2003.

Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all of Columbia; Solicitor John R. Justice, of Chester; for Respondent.

GOOLSBY, J.

Douglas Edward McCloud appeals his conviction for criminal domestic violence of a high and aggravated nature (CDVHAN), arguing the indictment did not enumerate the elements of the offense and was therefore insufficient to confer subject matter jurisdiction on the trial court. We affirm.

The indictment was captioned "INDICTMENT FOR CRIMINAL DOMESTIC VIOLENCE—AGGRAVATED." The body of the indictment read as follows: "That Douglas Edward McCloud did in Fairfield County on or about June 16, 2000 commit an act of violence against Kermisha L. Golden, by striking her in [the] face with his closed fist, also hit her in [the] head and pulled her hair an[d] scratched her neck." The indictment concluded with the standard phrase "[a]gainst the peace and dignity of the State and, contrary to the statute in such case made and provided."

When the case was called for trial on October 26, 2000, McCloud failed to appear and was tried in his absence. The jury found him guilty, and a bench warrant was issued for his arrest. On April 19, 2001, McCloud was brought before the

trial court, at which time the clerk read the sentence imposed on him.

■ 1. McCloud first argues that the indictment was deficient because it failed to allege that the victim was a "household member." We disagree.

South Carolina Code section 16–25–20 provides that "[i]t is unlawful to: (1) cause physical harm or injury to a person's own household member, (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." [1] Section 16–25–10 defines "household member" as "spouses, former spouses, parents and children, persons related by consanguinity or affinity within the second degree, persons who have a child in common, and a male and female who are cohabiting or formerly have cohabited." [2] Section 16–25–65(A) provides that "[t]he elements of the common law crime of assault and battery of a high and aggravated nature are incorporated in and made a part of the offense of criminal domestic violence of a high and aggravated nature when a person violates the provisions of Section 16–25–20 and the elements of assault and battery of a high and aggravated nature are present." [3]

At trial, Golden testified that McCloud had been her boyfriend for six years and they had a three-year-old child together. Admittedly, however, the indictment does not allege that Golden was McCloud's "household member" or otherwise set forth the criteria that would accord her this status. Nevertheless, we believe this deficiency did not deprive the trial court of jurisdiction to hear the case.

■ "An indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to

---

1. S.C.Code Ann. § 16–25–20 (2003). This statute was last amended in 1994. 1994 S.C. Acts 519, § 1.

2. S.C.Code Ann. § 16–25–10 (2003).

3. Id. § 16–25–65(A).

be placed in bar to any subsequent conviction."[4]   Moreover, these indictment sufficiency criteria "must be viewed with a practical eye; *all the surrounding circumstances must be weighed before an accurate determination of whether a defendant was or was not prejudiced can be reached.*"[5]   "[O]ne is to look at the 'surrounding circumstances' that existed pre-trial, in order to determine whether a given defendant has been 'prejudiced,' i.e., taken by surprise and hence unable to combat the charges against him."[6]

Here, the pretrial surrounding circumstances of this case do not warrant dismissing the indictment.   Although the indictment failed to allege that Golden was McCloud's household member or specify how she would qualify as such, there was no dispute either at trial or on appeal that she was the alleged victim in this case and had "a child in common" with McCloud.[7]   In addition, McCloud had received a preliminary hearing, a circumstance that would support the conclusion that, under the "practical eye" test, he "obviously knew the crimes for which he was being tried"[8] and was therefore not unduly prejudiced by the alleged defect in the indictment. Moreover, the indictment contained the standard language that the offense alleged was "[a]gainst the peace and dignity of the State, and contrary to the statute in such case made and provided;" therefore, we hold it satisfied the statutory requirements to be deemed sufficient to give the trial court subject matter jurisdiction to hear the case.[9]   Finally, the caption of

---

4.   *State v. Crenshaw*, 274 S.C. 475, 477, 266 S.E.2d 61, 62 (1980).

5.   *State v. Adams*, 277 S.C. 115, 125, 283 S.E.2d 582, 588 (1981) (emphasis added), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991).

6.   *State v. Wade*, 306 S.C. 79, 86, 409 S.E.2d 780, 784 (1991).

7.   *See State v. Reddick*, 348 S.C. 631, 560 S.E.2d 441 (Ct.App.2002) (holding that an indictment alleging the defendant threw bodily fluids on a correctional officer but failing to specify that he was an "inmate" was sufficient to vest the trial court with subject matter jurisdiction because there was no confusion regarding his status as an inmate), *cert. denied* (Oct. 11, 2002).

8.   *Adams*, 277 S.C. at 126, 283 S.E.2d at 588.

9.   *See* S.C.Code Ann. § 16–25–65(C) (2003) (stating the statute creates "a statutory offense of criminal domestic violence of a high and aggra-

the indictment named the offense that McCloud was alleged to have committed, and although it was not a part of the indictment, it was "consistent with the charging language." [10]

2. We further reject McCloud's argument that the indictment failed to specify circumstances of aggravation necessary to establish CDVHAN. Among other things, the indictment alleged that McCloud struck the victim in the face with his closed fist, hit her in the head, pulled her hair, and scratched her neck. Furthermore, the arrest warrant contained an affidavit stating the victim suffered swelling and bruising to her right eye and had to seek medical attention at the hospital. Finally, it is apparent from the indictment that there was a difference in gender between McCloud and Golden, as evidenced by the allegation that McCloud committed an act of violence against Golden "by striking *her* in [the] face with *his* closed fist" [emphasis added]. These averments in the indictment, when considered with the surrounding circumstances that had surfaced before the commencement of the trial, were sufficient to notify McCloud that he was charged with causing serious bodily injury to the victim.[11]

**AFFIRMED.**

HEARN, C.J., concurs.

SHULER, J., dissents in a separate opinion.

SHULER, J., dissenting.

Because I believe the language of McCloud's indictment did not sufficiently state the offense of criminal domestic violence

---

vated nature"); *id.* § 17–19–20 (1985) (listing the necessary criteria for an indictment to be "sufficient and good in law," including the requirement that, "if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided").

10. *State v. Wilkes*, 353 S.C. 462, 466, 578 S.E.2d 717, 719 (2003).

11. *See State v. Wright*, 349 S.C. 310, 312 n. 1, 563 S.E.2d 311, 312 n. 1 (2002) (noting that CDVHAN incorporates the elements of ABHAN, including "circumstances of aggravation," which include "infliction of serious bodily injury" and "a difference in gender" between the defendant and the victim).

of a high and aggravated nature (CDVHAN), I respectfully dissent.

The majority concludes McCloud's indictment is sufficient because they find, in evaluating the circumstances surrounding the indictment, he was apprised of the charge against him. However, as I interpret South Carolina precedent regarding indictments and subject matter jurisdiction, the body of the indictment must sufficiently identify the elements of the charged offense. *See, e.g., Locke v. State,* 341 S.C. 54, 56, 533 S.E.2d 324, 325 (2000) (holding "[a] circuit court has subject matter jurisdiction if . . . there has been an *indictment which sufficiently states the offense. . . .*") (emphasis added); *Granger v. State,* 333 S.C. 2, 4, 507 S.E.2d 322, 323 (1998) (finding the true test of the sufficiency of an indictment is whether it contains the elements of the offense *and* sufficiently apprises the defendant of what he must be prepared to meet) (emphasis added). As such, McCloud's indictment for CDVHAN is clearly insufficient, as it neither identifies the victim as a household member nor specifically alleges an aggravating circumstance.

The elements of CDVHAN are satisfied when an individual causes physical harm to a household member and the elements of assault and battery of a high and aggravated nature (ABHAN) are present. S.C.Code Ann. §§ 16–25–20, 16–25–65 (2003). "A 'household member' means spouses, former spouses, parents and children, persons related by consanguinity or affinity within the second degree, persons who have a child in common, and a male and female who are cohabiting or formerly have cohabited." S.C.Code Ann. § 16–25–10 (2003). As the majority acknowledges in its opinion, McCloud's indictment clearly fails to allege the victim's status as a "household member," an element necessary to sustain an indictment for CDVHAN. While McCloud and the victim have a child together, this fact is not stated in the indictment. Thus, the key element necessary for a proper CDVHAN indictment is missing.

There is no mention of the statute or code section in either the body of the indictment or the caption. Thus, the elements cannot be implied in that manner. *See, e.g., State v. Owens,* 346 S.C. 637, 649, 552 S.E.2d 745, 751 (2001) (holding the

failure to include an element of a statutory offense in the body of an indictment will not invalidate the indictment if specific reference to the statute is made in the body of the indictment). Furthermore, one cannot infer the elements of an offense from the caption of the indictment. *See State v. Lark,* 64 S.C. 350, 353, 42 S.E. 175, 176–77 (1902) (finding the caption of the indictment cannot be used to expand or contract the allegations, because it is not a part of the findings by the grand jury); *cf. State v. Tabory,* 262 S.C. 136, 141, 202 S.E.2d 852, 854 (1974) (holding the State may not support a conviction for an offense intended to be charged by relying upon a caption to the exclusion of the language contained in the body of the indictment). As such, the fact that McCloud's indictment was captioned as "criminal domestic violence—aggravated" is not enough to render the indictment sufficient.

Therefore, all that should be examined in this particular situation is the actual body of the indictment itself. *See Tate v. State,* 345 S.C. 577, 581, 549 S.E.2d 601, 603 (2001) (finding it is the body of the indictment that is controlling). In the instant case, the body of the indictment alone does not sufficiently describe the elements needed for a CDVHAN offense. In fact, the description of the offense in the body of McCloud's indictment is sufficiently vague that it could satisfy the elements of either ABHAN [12] or simple assault and battery.[13] Without mention of the crucial element of CDVHAN the victim's status as a household member it is impossible to determine from the body of the indictment the crime with which McCloud was charged. As such, I believe McCloud's indictment for CDVHAN was deficient. *See* S.C.Code Ann. § 17–19–20 (2003) (an indictment is sufficient if it "charges the crime substantially in the language ... of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood."); *see also State v. Bullard,* 348 S.C. 611, 614, 560 S.E.2d 436, 437 (Ct.App.2002).

---

12. *State v. Fennell,* 340 S.C. 266, 274, 531 S.E.2d 512, 516 (2000) (defining ABHAN as "the unlawful act of violent injury to another, accompanied by circumstances of aggravation.").

13. *State v. Patterson,* 337 S.C. 215, 231, 522 S.E.2d 845, 853 (Ct.App. 1999) (holding simple assault and battery is an unlawful act of violent injury to another unaccompanied by any circumstances of aggravation).

Furthermore, common sense dictates that adopting the majority's reasoning undermines the purpose of the grand jury system. The 18 members of the grand jury are convened as an impartial panel for the purpose of reviewing the State's evidence against a criminal defendant. The grand jury must pass on the elements alleged in the indictment before the indictment can be true-billed. If the majority's analysis is adopted, the actual body of the indictment will become inconsequential because—long after the grand jury has deliberated—a court will be able to supplement the language of the indictment by examination of pre-trial circumstances. In my view, this type of analysis after the fact serves to weaken the role and function of the grand jury system.

For the foregoing reasons, I would vacate McCloud's conviction for CDVHAN.