594 S.E.2d 534

**The STATE, Respondent,**

v.

**John BARNETT, Appellant.**

**No. 3751.**

Court of Appeals of South Carolina.

Submitted June 9, 2003.

Decided March 8, 2004.

Rehearing Denied April 22, 2004.

---

200

Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson and Assistant Attorney General David Spencer, all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.

HOWARD, J.:

John Barnett was convicted of two counts of kidnapping, two counts of first-degree burglary, and one count of grand larceny of a motor vehicle. Subsequently, he was sentenced to thirty years imprisonment for each of the kidnapping charges, forty years imprisonment for each of the burglary charges, and five years imprisonment for the grand larceny of a motor vehicle charge, all to run concurrently. Barnett appeals, arguing the indictment charging grand larceny of a motor vehicle was insufficient to confer subject matter jurisdiction because the body of the indictment failed to allege the motor vehicle's value was in excess of one thousand dollars. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

A grand jury indicted Barnett for two counts of kidnapping, two counts of first-degree burglary, and one count of grand larceny of a motor vehicle. The indictment for grand larceny of a motor vehicle was captioned "GRAND LARCENY OF MOTOR VEHICLE UNDER $5000 S.C.Code: 16–13–30(B)(1)," and alleged:

[t]hat John Barnett did in Richland County on or about March 10, 2000, *feloniously* take and carry away the personal property of Rosa Daniels to wit: 1988 Pontiac 6000 with S.C. tag 542KJD, valued under $5000.00. Against the peace and dignity of the State, and contrary to the statute in such case made and provided.[1]

(emphasis added).

Subsequently, Barnett was convicted on all the charges and sentenced to thirty years imprisonment for each of the kidnap-

---

1. The indictment originally alleged Clanda James owned the motor vehicle. However, the indictment was amended to name Rosa Daniels

ping charges, forty years imprisonment for each of the burglary charges, and five years imprisonment for the grand larceny of a motor vehicle charge, all to run concurrently. Barnett appeals.

## LAW/ANALYSIS

█ Barnett argues the indictment for grand larceny of a motor vehicle was insufficient to confer subject matter jurisdiction because the body of the indictment did not allege the stolen vehicle was valued at more than one thousand dollars. We disagree.

█ In evaluating the sufficiency of an indictment, this Court should "look at the issue with a practical eye in view of the surrounding circumstances." *State v. Gunn*, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993); *see also State v. Thompson*, 305 S.C. 496, 504 n. 1, 409 S.E.2d 420, 425 n. 1 (Ct.App.1991) (holding when evaluating an indictment, this Court should give "a common sense reading [to] the indictment as a whole"). If the offense is stated with sufficient certainty and particularity to enable the trial court to know what judgment to pronounce, and the defendant to know what he is called upon to answer, the indictment is sufficient to confer subject matter jurisdiction. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). "The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant

as the owner of the motor vehicle. The amendment of the name of the victim under these circumstances is not a jurisdictional flaw. *See State v. Johnson*, 314 S.C. 161, 166, 442 S.E.2d 191, 194 (Ct.App.1994) (holding an amendment changing the name of the owner of the property listed in an indictment for breach of trust did not change the nature of the offense); *State v. Sweat*, 221 S.C. 270, 273–74, 70 S.E.2d 234, 235–36 (1952) (holding an amendment to a larceny indictment did not change the nature of the offense, where the indictment changed the name of the victim); *see also State v. Guthrie*, 352 S.C. 103, 111–12, 572 S.E.2d 309, 313–14 (Ct.App.2002) (holding an element is an essential ingredient of the crime when an amendment to that element would materially change the proof required to convict the defendant of the crime); 41 Am.Jur.2d *Indictments and Informations* § 168 (1995) (stating an amendment is substantive and thus not permitted unless "the same defense is available to the defendant both before and after the amendment and upon the same evidence").

of what he must be prepared to meet." *Browning v. State,* 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) (citations omitted). "An indictment passes legal muster if it 'charges the crime substantially in the language of the ... statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood....' " *State v. Reddick,* 348 S.C. 631, 635, 560 S.E.2d 441, 443 (Ct.App.2002) (quoting S.C.Code Ann. 17–19–20 (1985)).

South Carolina Code Annotated section 16–13–30(B) (2003) defines grand larceny as "[larceny] of goods, chattels, instruments, or other personalty valued in excess of one thousand dollars...." *See State v. Parker,* 351 S.C. 567, 570, 571 S.E.2d 288, 289 (2002) ("[G]rand larceny is the felonious taking and carrying away of the goods of another, where the value exceeds $1,000."). Larceny is the taking and carrying away of the goods of another without consent. *State v. Brown,* 274 S.C. 48, 49, 260 S.E.2d 719, 720 (1979).

It is clear the indictment sufficiently alleges larceny, a misdemeanor, as it alleged Barnett feloniously took a motor vehicle from Rosa Daniels against the peace and dignity of the State. *See Brown,* 274 S.C. at 49, 260 S.E.2d at 720 (holding larceny is the taking and carrying away of the goods of another without consent). However, the remaining inquiry is whether the indictment sufficiently alleges the motor vehicle was worth more than one thousand dollars, elevating the charge to grand larceny. *See* S.C.Code Ann. § 16–13–30(B).

This case is analogous to *State v. Wilkes,* 353 S.C. 462, 578 S.E.2d 717 (2003). In *Wilkes,* the defendant was convicted of one count of resisting arrest and two counts of assault on a correctional facility employee. One of the indictments was captioned, "ASSAULT ON CORRECTIONAL FACILITY EMPLOYEE § 16–3–630," and the other indictment was captioned "ASSAULT ON CORRECTIONAL FACILITY EMPLOYEE." Both indictments alleged the defendant "did in Chester County on or about April 24, 1999[,] assault ... [an officer] while she[/he] was attempting to process him after his arrest." Neither of the indictments, within their bodies, alleged the officers were correctional facility employees.

On appeal, this Court vacated the two indictments for assault on a correctional facility employee, holding the indict-

ments were jurisdictionally defective because they failed to allege the officer was a correctional facility employee. This Court further held the captions of the indictments could not cure the otherwise defective indictments. *Id.* at 464, 578 S.E.2d at 718.

On grant of certiorari, our supreme court reversed, holding the indictments were sufficient to confer subject matter jurisdiction to the circuit court because, reading the captions in conjunction with the body of the indictment, the indictments "stated the offense with sufficient certainty and particularity to enable the trial court to know what judgment to pronounce and ... [the defendant] to know what he was being called upon to answer." *Id.* at 465, 578 S.E.2d at 719.

In the present case, although the body of the indictment fails to specifically state the motor vehicle's value was in excess of one thousand dollars, the caption of the indictment states the charge is "GRAND LARCENY" and cites "S.C.Code: 16–13–30(B)(1)." We conclude this language, coupled with the language in the body of the indictment, is sufficient to state the offense of grand larceny with certainty and particularity such that the circuit court knew what judgment to pronounce and Barnett knew what to defend against. Thus, the indictment is not jurisdictionally defective.

## CONCLUSION

For the foregoing reasons, the decision of the circuit court is **AFFIRMED.**

GOOLSBY, J., concurs.

BEATTY, J., dissenting in a separate opinion.

BEATTY, J.:

I respectfully dissent. Barnett maintains the circuit court lacked subject matter jurisdiction of the grand larceny charge because he was not properly indicted on the charge. Specifically, he contends the language of the indictment could be construed to mean he faced the misdemeanor charge of petit larceny rather than grand larceny, which is a felony. Put differently, Barnett alleges the indictment failed to include an

essential element of grand larceny—that the value of the property stolen was in excess of $1,000. I agree.

In July 2000, a grand jury indicted Barnett for two counts of kidnapping, two counts of first-degree burglary, and grand larceny. The caption of Barnett's indictment for grand larceny read "GRAND LARCENY OF MOTOR VEHICLE UNDER $5000" and referenced S.C.Code Section 16–13–30(B)(1). The body of the indictment alleged:

That John Barnett did in Richland County on or about May 10, 2000, feloniously take and carry away the personal property of Rosa Daniels, to wit: 1988 Pontiac 6000 with S.C. tag 542KJD, valued under $5000.00.

Grand larceny involves stolen property valued in excess of $1,000, whereas petit larceny applies to stolen property valued at $1,000 or less. *See* S.C.Code Ann. § 16–13–30, et seq. (Supp.2002); *State v. Parker,* 351 S.C. 567, 570, 571 S.E.2d 288, 289 (2002). "The monetary value of the goods taken is an element of the offense of grand larceny." *Parker,* 351 S.C. at 571, 571 S.E.2d at 290; *see also Johnson v. State,* 319 S.C. 62, 64, 459 S.E.2d 840, 841 (1995) (grand larceny involved taking and carrying away of goods valued at $200 or more; value is element of grand larceny offense); *State v. Ates,* 297 S.C. 316, 318, 377 S.E.2d 98, 99 n. 1 (1989) ("In a grand larceny prosecution, value is *critical* element; it is the State's burden to prove value of stolen goods exceeds $200.") (emphasis added).[2]

The circuit court lacks jurisdiction to convict a defendant of an offense unless the defendant waives presentment, the offense is a lesser-included offense of the crime charged in the indictment, or there is an indictment that sufficiently states the offense. *State v. Owens,* 346 S.C. 637, 648, 552 S.E.2d 745, 751 (2001). "An indictment is sufficient if it apprises the defendant of the *elements* of the offense intended to be charged *and* apprises the defendant of what he must be prepared to meet." *Granger v. State,* 333 S.C. 2, 4, 507 S.E.2d 322, 323 (1998) (emphasis added). The indictment sufficiency

---

2. Previously, the value of goods for grand larceny was $200 or more. *See* S.C.Code Ann. § 16–13–30 (1985). The statute has been amended to set the value of goods for grand larceny at more than $1,000. S.C.Code Ann § 16–13–30(B)(1) (Supp.2002).

criteria must be viewed with a "practical eye"; all the surrounding circumstances must be weighed before an accurate determination of whether a defendant was or was not prejudiced can be reached. *State v. Gunn*, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993). This includes looking both at the face of the indictment and the circumstances surrounding the trial. *See State v. Reddick*, 348 S.C. 631, 636, 560 S.E.2d 441, 443 (Ct.App.2002) (examining the indictment "on its face" and considering the "events at trial" to determine whether the appellants were on notice and apprised of the charges against them).

The caption of the indictment charged Barnett with violation of S.C.Code Ann. § 16–13–30(B)(1). The caption read that Barnett was charged with "GRAND LARCENY OF MOTOR VEHICLE UNDER $5000." However, the body of the indictment failed to make specific reference to the code section applicable to grand larceny, and did not list the elements of the offense. "[O]ne cannot infer the elements of an offense from the caption of the indictment." *State v. McCloud*, 354 S.C. 40, 47, 579 S.E.2d 534, 537 (Ct.App.2003) (Shuler, J., dissenting) (citing *State v. Lark*, 64 S.C. 350, 353, 42 S.E. 175, 176–77 (1902)); *see also State v. Tabory*, 262 S.C. 136, 141, 202 S.E.2d 852, 854 (1974) ("[T]he State may not support a conviction for an offense intended to be charged by relying upon a caption to the exclusion of the language contained in the body of the indictment.").

Our supreme court used the phrase "practical eye" to determine whether an indictment is legally sufficient. *See Gunn*, 313 S.C. at 130, 437 S.E.2d at 78. Courts are called to examine the totality of the circumstances to determine whether a defendant was aware of the crime for which he was charged. *Id.* "All the surrounding circumstances must be weighed before an accurate determination of whether a defendant was or was not prejudiced can be reached."[3] Viewing the indictment with a practical eye, I believe the indictment was insufficient to apprise Barnett of the elements of the crime he should have been prepared to meet. Nothing in the

---

3. *Reddick*, 348 S.C. at 633, 560 S.E.2d at 443 (citing *State v. Hiott*, 276 S.C. 72, 81, 276 S.E.2d 163, 167 (1981); *State v. Shoemaker*, 276 S.C. 86, 275 S.E.2d 878 (1981); *State v. Evans*, 216 S.C. 328, 57 S.E.2d 756 (1950)).

record indicates that Barnett was granted a preliminary hearing, whereby he could discover the crimes for which he was being tried. *See McCloud,* 354 S.C. at 44, 579 S.E.2d at 536. Although the record reflects that the trial court and solicitor made several references to Barnett's charges, doing so during the trial did not allot Barnett sufficient notice to prepare his defense.

In *State v. Wilkes,* our supreme court reversed this Court's decision to vacate two indictments for assault on a correctional facility employee. 353 S.C. 462, 578 S.E.2d 717 (2003). The body of the indictments used the word "officer" to describe the victim, instead of "correctional facility employee." Otherwise, the body of each indictment included the elements of the offense, as well as the title and code section of the charges.[4] Moreover, the language in the body of the indictment was phrased substantially in the language of the statute defining the offense. *See State v. Shoemaker,* 276 S.C. 86, 275 S.E.2d 878 (1981).

Unlike *Wilkes,* the body of the indictment in this matter does not include all of the elements of the offense of grand larceny, nor does it include the code section. Moreover, in *Wilkes,* the gist of the issue was one of semantics, not elements of the offense. The question was whether, in the context of the indictment, "officer" and "correctional facility employee" were synonymous as used in the statute. *Wilkes,* 353 S.C. at 464, 578 S.E.2d at 718. It was patently clear the words were synonymous.

However, in the instant case there is no such clarity. In actuality, the body of the indictment merely charges petit larceny. The caption of the indictment lists the code section where grand larceny of more than $1000 and less than $5000 is set forth. This caption may assist the judge in determining the proper sentence; however, it does not provide the missing element required in the body of the indictment for grand larceny. *See Tabory,* 262 S.C. at 140, 202 S.E.2d at 854. Therefore, Barnett was not on proper notice of the crime

---

4. Both indictments contained the titles of the charges in the body that state the victim was a correctional facility employee. Additionally, both indictments cite S.C.Code Ann. § 16-3-360, appropriately apprising the defendant of the charges he would be called to meet. *Wilkes,* 353 S.C. at 465, 578 S.E.2d at 719.

charged: the offense of petit larceny as charged in the body of the indictment or, grand larceny as stated in the caption. An indictment should not leave this question for criminal defendants to decipher; the law requires indictments to clearly answer this question.

Weighing the circumstances surrounding Barnett's indictment and subsequent conviction, I believe Barnett was not sufficiently apprised of the elements of the crime of grand larceny. I believe the indictment could have been construed to involve stolen property valued at less than $1,000, making the crime petit larceny, a misdemeanor. Therefore, Barnett was prejudiced by the missing property value from the indictment. For the foregoing reasons, I believe the conviction for grand larceny should be vacated.