605 S.E.2d 576

The STATE, Respondent,

v.

Allison CAMPBELL a/k/a Allison McSwain, Appellant.

No. 3888.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2004.
Decided Nov. 8, 2004.

David F. Stoddard, of Anderson, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Druanne Dykes White, of Anderson, for Respondent.

WILLIAMS, J.

Allison Campbell appeals after pleading guilty to one count of felony driving under the influence ("D.U.I.") resulting in death. Following her guilty plea, the trial court sentenced Campbell to six years in the State Department of Corrections, imposed a fine of $10,000, and ordered payment of restitution in the amount of $8,571.50 for the victim's funeral expenses.

On appeal, Campbell argues the indictment was insufficient to confer subject matter jurisdiction. We affirm.

## FACTS

On April 10, 2002, Campbell and the victim attended a party for Campbell's nephew. After leaving the party they went to a local bar and played pool. Upon leaving the bar, with Campbell driving and the victim riding in the passenger seat, the couple began to drive down Highway 59 towards Seneca, South Carolina.

After encountering a curve, Campbell ran approximately 200 feet off the road and failed to make any attempt to steer the car back onto the highway. The passenger side of the car collided with the end of a guardrail, the collision being violent enough to tear away a good portion of the passenger side of the car including the passenger door itself. The victim was ejected from the vehicle, his head struck the guardrail, and he died at the scene.

Campbell testified that she did not remember the accident, but only waking up and realizing the victim was no longer in the car. When EMS arrived at the scene, Campbell informed them she thought she had hit a deer. She also kept talking to the victim although he was not there. Both the EMS and Law Enforcement personnel on the scene indicated Campbell was under the influence and that she smelled strongly of alcohol. Campbell was taken to Oconee Hospital where she refused a legal blood alcohol test. The doctor at the hospital, however, opined that she was under the influence.

On June 18, 2002, an Oconee County grand jury indicted Campbell for violation of section 56–5–2945(A)(2) of the South Carolina Code for felony D.U.I. that resulted in death. On July 23, 2003, Campbell moved to have counsel relieved, but the request was withdrawn when the court informed her she would have to proceed *pro se* should the motion be granted. On July 23, 2003, the State called the case for trial at which time Campbell pled guilty to the charge.

## LAW/ANALYSIS

On appeal, Campbell argues the indictment was insufficient to confer subject matter jurisdiction on the court. We disagree.

In a criminal case, the circuit court has subject matter jurisdiction to convict a defendant only if: "(1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of the indictment; or (3) the charge is a lesser-included charge of the crime charged in the indictment." *Cutner v. State*, 354 S.C. 151, 155, 580 S.E.2d 120, 122 (2003). Furthermore, "[t]he lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court." *State v. Guthrie*, 352 S.C. 103, 107, 572 S.E.2d 309, 311 (Ct.App.2002) (citing *State v. Brown*, 351 S.C. 522, 570 S.E.2d 559 (2002)).

Section 56–5–2945 of the South Carolina Code provides in pertinent part the following:

(A) A person who, while under the influence of alcohol, drugs, or the combination of alcohol and drugs, drives a vehicle and when driving does any act forbidden by law or neglects any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes great bodily injury or death to a person other than himself, is guilty of a felony and upon conviction must be punished:

> (2) by a mandatory fine of not less than ten thousand one hundred dollars nor more than twenty-five thousand one hundred dollars and mandatory imprisonment for not less than one year nor more than twenty-five years when death results.

S.C.Code Ann. § 56–5–2945(A) & (A)(2) (Supp.2003).

The indictment alleged the following:

That **Allison L. Campbell** did in Oconee County on or about **April 10, 2002,** drive a motor vehicle while under the influence of alcohol, drugs, or a combination of both, and did an act forbidden by law and/or neglected a duty imposed by law, to wit: **a Motor Vehicle Accident caused by the Defendant's driving while under the influence of alcohol,** which act and/or neglect proximately cuased [sic] the death of **Kevin Tremain Shook** in violation of § 56–5–2945(A)(2)....

(emphasis in original).

Campbell contends the indictment is fatally flawed because it "fails to allege an act forbidden by law or neglect of a duty

imposed by law." Specifically, she argues that although the indictment includes the statutory language "did an act forbidden by law and/or neglected a duty imposed by law," it fails to describe the specific act and/or neglected duty on which the State relied to support the felony D.U.I. charge.

 The general rule regarding the adequacy of an indictment is that "[a]n indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon." *State v. Adams,* 354 S.C. 361, 364, 580 S.E.2d 785, 791 (Ct.App.2003). Furthermore, "[t]he true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." *Browning v. State,* 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) (citing *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987)).

 An indictment is sufficient when it uses substantially the same language contained in the statute prohibiting the crime charged, or when it is described in such a way that the nature of the charge is plainly understood. *State v. Reddick,* 348 S.C. 631, 635, 560 S.E.2d 441, 443 (Ct.App.2002). When examining the sufficiency of an indictment, "this court should 'look at the issue with a practical eye in view of the surrounding circumstances.'" *State v. Barnett,* 358 S.C. 199, 202, 594 S.E.2d 534, 535 (Ct.App.2004) (citing *State v. Gunn,* 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993)).

Even a cursory reading of the indictment in the current case shows it contains virtually identical language to that contained in the statute defining the offense. In addition, because Campbell pled guilty, it is clear she was aware of the nature of the charge against her. A thorough review of the record discloses no indications of uncertainty in regard to the crime with which she was charged. Accordingly, as the indictment adequately alleged the elements of the offense, we find the indictment was sufficient to confer subject matter jurisdiction on the circuit court.

534

Because we find the indictment sufficient, we need not address Campbell's remaining argument concerning double jeopardy. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling appellate court need not review remaining issues when disposition of prior issues are dispositive); Rule 220(c), SCACR ("[t]he appellate court may affirm any ruling, order, or judgment upon any ground(s) appearing in Record on Appeal").

**AFFIRMED.**

GOOLSBY and ANDERSON, JJ., concur.