18416

The STATE, Respondent, v. Cordie MONTGOMERY, Appellant

(144 S. E. (2d) 797)

*John M. Schofield, Esq.,* of Rock Hill, *for Appellant,*

*Edward M. Jackson, Esq., County Solicitor,* of Rock Hill, *for Respondent.*

November 1, 1965.

LEWIS, Justice.

This is an appeal by the defendant, Cordie Montgomery, from his conviction under Section 20-303 of the 1962 Code of Laws, as amended, of the offense of nonsupport of an illegitimate child. While there are other questions raised, the only one which we need consider in this appeal is whether the trial court erred in refusing defendant's timely motion to quash or dismiss the indictment upon the ground that it was insufficient to fully inform the defendant of the nature and cause of the accusation against him in that it failed to allege the identity of the child involved.

Prior to its amendment in 1962, Section 20-303 provided that any able-bodied man or man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or his minor unmarried child or children dependent upon him shall be guilty of a misdemeanor. By Act No. 863, 52 Stat. 2154, the General Assembly in 1962 amended Section 20-303 so as to make its

provisions extend to a failure to support minor unmarried children, whether legitimate or illegitimate. In specifically making the nonsupport of illegitimate children a misdemeanor under Section 20-303, the former criminal remedy provided in Sections 20-305 through 20-309 of the Code for enforcing support of bastard children was repealed.

The indictment in this case charged that the defendant did on September 1, 1962 and "on divers days before and since to the date hereof, being an able-bodied man, and capable of earning and making a livelihood, did, without just cause or excuse, fail to supply the actual necessaries of life to his minor, unmarried child who was and is dependent upon him, * * *"

It is well settled that an indictment should allege the offense with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and an acquittal or conviction may be pleaded in bar to any subsequent prosecution. *State v. McIntire et al.,* 221 S. C. 504, 71 S. E. (2d) 410.

We are here dealing with the offense of nonsupport of an illegitimate child. Although such was the intended charge, the indictment failed to designate the child as illegitimate, or the date of birth or other description of the child so that it could be identified. We think that the indictment was fatally deficient in failing to so allege.

An indictment for nonsupport for an illegitimate child should allege the fact of illegitimacy and the identity of the child so that the defendant will know the nature of the charge against him and an acquittal or conviction may be pleaded in bar to any subsequent prosecution.

The testimony in this case clearly demonstrates the deficiency in such an indictment which fails to identify the illegitimate child involved. The prosecutrix testified that she and the defendant were not married, that they lived together for approximately nine years, and that six illegiti-

mate children were born to such relationship. The child in this case was the sixth and was born on July 14, 1962. There is also testimony that the defendant was married to another woman and was the father of six legitimate children. It is also inferable that the defendant was the father of illegitimate children by other women besides the prosecutrix and that the prosecutrix had other illegitimate children besides those charged to the account of the defendant.

Under the present indictment, the defendant would not know whether he was being charged with nonsupport of one of his legitimate or illegitimate children. In addition, for example, let us assume under the present facts that a defendant admitted that he was the father of some of the children, but not of others. In such case there is nothing to identify the child so that the defendant could know in pleading to the indictment whether he was being charged with failure to support one of his admitted children or one whose paternity he denied.

Also, the record indicates that other indictments have been preferred against the defendant for failure to support the remaining alleged illegitimate children. The failure of the indictment in this case to identify the child makes it impossible to determine from it in any future prosecution whether the offense then charged differed from that for which the defendant had already been tried. See *State v. Derrick*, 1 McMul. 338.

The lower court was accordingly in error in refusing to grant the defendant's motion to quash the indictment against him.

Reversed.

TAYLOR, C. J., and Moss, BUSSEY and BRAILSFORD, JJ., concur.