507 S.E.2d 324

**Roger JONES, Respondent,**

v.

**The STATE of South Carolina, Petitioner.**

No. 24845.

Supreme Court of South Carolina.

Submitted Oct. 21, 1998.

Decided Oct. 26, 1998.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General Matthew M. McGuire, all of Columbia, for petitioner.

Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

MOORE, Justice:

We granted the State a writ of certiorari to review the post-conviction (PCR) judge's grant of relief to respondent. We reverse.

## FACTS

Respondent was indicted in November 1992 for two counts of first degree criminal sexual conduct (CSC) with a minor and two counts of committing a lewd act on a minor. He pled guilty to two counts of second degree CSC and two counts of committing a lewd act on a minor. He was sentenced to eighteen years for each CSC count and ten years for each lewd act count, all to run concurrently. Respondent then filed for PCR alleging ineffective assistance of counsel on the ground that counsel should not have advised him to plead guilty because the indictments were "jurisdictionally defective." The PCR judge granted respondent relief holding three of the indictments failed to allege subject matter jurisdiction. He further held that although the fourth indictment properly alleged subject matter jurisdiction, respondent had been prejudiced in his sentencing on this count because the trial judge had referred to the other three counts against respondent.

## ISSUE

Did the PCR judge err in finding counsel was ineffective for advising respondent to plead guilty?

### Discussion

Respondent was indicted for two counts of CSC and two counts of lewd act. One of the CSC indictments alleged the act occurred on or about January 1, 1971, in Beaufort County.[1] The indictments for lewd act alleged the acts occurred on or about January 1, 1965, and on or about January 1, 1963, in Beaufort County.

At the PCR hearing, respondent introduced evidence that he was stationed in Virginia and North Carolina during this time and did not move to Beaufort until February 1972. The PCR judge held since respondent had resided in Virginia and North Carolina during the time alleged, the court did not have jurisdiction over these offenses. The State contends the PCR judge erred. We agree.

A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty. *Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997); *Satterwhite v. State*, 325 S.C. 254, 481 S.E.2d 709 (1997).

As to the place the crime was committed, the statute requires only that it be sufficiently alleged so as to lay the jurisdiction of the court and inform the accused of the county in which he is charged with a violation of the law. *State v. McIntire*, 221 S.C. 504, 71 S.E.2d 410 (1952). The State is not required to plead its evidence in the indictment. *Id.* *See also State v. Fleming*, 243 S.C. 265, 133 S.E.2d 800 (1963). Here, the facts alleged in the indictment assert the offenses were committed in Beaufort County. This is sufficient to satisfy the requirements of the law and confer jurisdiction upon the court in that county to accept respondent's guilty plea. *State v. Thompson*, 305 S.C. 496, 409 S.E.2d 420 (Ct.App.1991).

---

1. Respondent does not challenge the other indictment for one count of CSC which alleges the act occurred on or about January 3, 1973.

Furthermore, based upon his finding that the trial judge did not have subject matter jurisdiction over these charges, the PCR judge held respondent was prejudiced when the trial judge sentenced him on the one count which was not challenged. Since we find the PCR judge erred in finding the trial court lacked subject matter jurisdiction, we find no prejudice and reverse the grant of a new trial as to the unchallenged fourth indictment as well as the other three indictments.

**REVERSED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.