582 S.E.2d 403

Willie COHEN, Respondent,

v.

STATE of South Carolina, Petitioner.

No. 25658.

Supreme Court of South Carolina.

Submitted April 23, 2003.

Decided June 2, 2003.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., Assistant Attorney General David A. Spencer, of Columbia, for petitioner.

Assistant Appellate Defender Eleanor Duffy Cleary, South Carolina Office of Appellate Defense, of Columbia, for respondent.

Justice MOORE:

We granted certiorari to determine whether the post-conviction relief (PCR) court erred by finding the plea court did not have subject matter jurisdiction to accept respondent's guilty plea to second degree criminal sexual conduct (CSC) with a minor. We affirm.

## ISSUE

Did the plea court have subject matter jurisdiction to accept respondent's guilty plea to second degree CSC with a minor?

## DISCUSSION

Respondent pled guilty to second degree CSC with a minor and was sentenced to imprisonment for six years. Respondent did not appeal. After a hearing on respondent's PCR application, the court found the plea court did not have subject matter jurisdiction to accept respondent's plea.[1]

The indictment alleges respondent "did in Beaufort County on or about November 11, 1998, wilfully and unlawfully engage in criminal sexual conduct with a minor in the first degree in that [respondent] engaged in a sexual battery, with [victim] and that the said [victim] was of the age of 11 years old." The caption of the indictment and the title in the body of the indictment state, "Criminal sexual conduct with minor first degree (16–3–655)."

█ A circuit court has subject matter jurisdiction to convict a defendant of an offense if there is an indictment that sufficiently states the offense, the defendant waives presentment, or the offense is a lesser-included offense of the crime

---

1. At the hearing, the State informed the PCR court that the plea court lacked subject matter jurisdiction to accept respondent's plea. The State now argues it was mistaken in its presentation of the subject matter jurisdiction issue to the PCR court.

charged in the indictment. *Brown v. State*, 343 S.C. 342, 540 S.E.2d 846 (2001).

 While the indictment indicated respondent was charged with first degree CSC with a minor, the indictment was insufficient to charge him with that crime because the victim was eleven years old, not "less than eleven years" old. *See* S.C.Code Ann. § 16–3–655(1) (2003) (first degree CSC with a minor requires sexual battery of victim who is less than eleven years old). Even if the indictment had sufficiently stated the crime of first degree CSC with a minor, the court would not have had jurisdiction to accept a plea to second degree CSC with a minor as if it were a lesser offense of first degree CSC with a minor.[2] *See State v. McFadden*, 342 S.C. 629, 539 S.E.2d 387 (2000) (test for determining when offense is lesser-included of another is whether greater of two offenses includes all elements of lesser offense). Second degree CSC with a minor is not a lesser-included offense of the first degree charge because it includes an age requirement element that is different from the age requirement element in the crime of first degree CSC with a minor.[3] The first degree charge requires proof the victim is "less than eleven years old," while the second degree charge requires proof the victim is "fourteen years of age or less but ... at least eleven years of age." §§ 16–3–655(1) and (2).

The question then becomes whether the indictment otherwise sufficiently states the offense of second degree CSC with a minor. The indictment appears to sufficiently allege second degree CSC with a minor because it charges that respondent engaged in a sexual battery with a victim of eleven years of age. However, the body of the indictment includes the language "criminal sexual conduct with a minor in the *first degree.*" (Emphasis added). The inclusion of the "first degree" language is not a scrivener's error given that the title and caption of the indictment both indicate the indictment is

---

**2.** The sentencing sheet indicated respondent was pleading guilty to a lesser-included offense.

**3.** *See State v. Munn*, 292 S.C. 497, 357 S.E.2d 461 (1987) (victim's age is element of second degree CSC with a minor); *State v. Norton*, 286 S.C. 95, 332 S.E.2d 531 (1985) (age is element of first degree CSC with a minor).

for first degree CSC with a minor. *See Tate v. State,* 345 S.C. 577, 549 S.E.2d 601 (2001) (if body of indictment specifically states essential elements of crime and is otherwise free from defect, defect in caption will not cause it to be invalid). Here, there is a defect in the body, title, and caption of the indictment.

Further, the indictment does not sufficiently inform the court as to what judgment to pronounce. *See Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995). As written, respondent is subject to being sentenced to first degree CSC with a minor, a Class A felony carrying an imprisonment term of not more than thirty years, rather than second degree CSC with a minor, a Class C felony carrying an imprisonment term of not more than twenty years. *See* S.C.Code Ann. §§ 16–1–20(A)(1) and (3); §§ 16–1–90(A) and (C). Therefore, the plea court was without subject matter jurisdiction to accept respondent's plea to second degree CSC with a minor.

Given that second degree CSC with a minor is not a lesser-included offense of first degree CSC with a minor and that the indictment improperly indicated respondent was charged with first degree CSC with a minor, we affirm the finding that the plea court did not have subject matter jurisdiction to accept respondent's guilty plea.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.