586 S.E.2d 596

**The STATE, Respondent,**

v.

**Jimmy Lee ELLISON, Appellant.**

**No. 3675.**

Court of Appeals of South Carolina.

Heard June 11, 2003.

Decided Sept. 15, 2003.

Assistant Appellate Defender Eleanor Duffy Cleary, of SC Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney

General Harold M. Coombs, Jr., all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

STILWELL, J.:

In this opinion we must decide whether the circuit court had subject matter jurisdiction to convict Jimmy Lee Ellison of second-degree criminal sexual conduct (CSC) with a minor. We hold the indictment as originally drafted and as amended failed to confer such jurisdiction and vacate Ellison's conviction.

## BACKGROUND

Ellison was indicted following an allegation that he raped a 13 year old girl. Both the caption of the indictment and the title preceding the text in the body of the indictment stated that the offense was "Criminal sexual conduct with a minor (first degree)." The language in the body of the indictment alleged Ellison "did commit, or attempt to commit, a sexual battery in and upon [Victim], age thirteen ... by using aggravated force and aggravated coercion upon her and assaulting her with the intent to commit sexual battery with the said [Victim]." The indictment further stated Ellison's conduct was a violation of section 16–3–655 of the South Carolina Code, the statute prohibiting CSC with minors.

At the onset of trial, the State moved to amend the statutory reference, asserting it intended to charge Ellison with first-degree CSC and that the statute referenced was merely an error. When the court inquired, defense counsel stated he was aware the State intended to charge first-degree CSC and that the amendment would make no difference in the presentation of his defense. The court then permitted the amendment without objection.

While conferencing proposed jury instructions after the close of the evidence, the State requested the court submit second-degree CSC as a lesser-included offense of first-degree CSC. The State reasoned that the jury might believe the victim but not be convinced the circumstances rose to the level of aggravated force. The court questioned the State's decision not to charge second-degree CSC with a minor, which would have made proof of force or coercion unnecessary. Concern

was also expressed that the jury might acquit Ellison if they thought Victim "consented" to the encounter. Defense counsel noted he intended to argue the alleged event did not occur at all, not that it was consensual. The defense thus objected to the submission of any charge other than first-degree CSC, and the State elected to proceed on that charge alone.

During Ellison's closing argument, the State objected to a comment on the ground that it invited the jury to disregard evidence. After closing arguments, the court, on its own initiative, concluded the defense had introduced the issue of Victim's consent in its closing argument and decided, over defense objection, to charge second-degree CSC with a minor as a lesser-included offense of first-degree CSC. The jury found Ellison guilty of second-degree CSC with a minor.

## DISCUSSION

██ Ellison argues the trial court lacked subject matter jurisdiction to convict him of second-degree criminal sexual conduct with a minor because it is not a lesser-included offense of the charge for which he was indicted. We agree, and further hold that the indictment fails independently to vest the court with subject matter jurisdiction on the charge for which Ellison was convicted.

██ "A criminal defendant is entitled to be tried only on indicted offenses." *State v. Jones*, 342 S.C. 248, 251, 536 S.E.2d 396, 397 (Ct.App.2000). In South Carolina, "it is a rule of universal observance in administering the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Cody*, 180 S.C. 417, 423, 186 S.E. 165, 167 (1936). "An indictment is sufficient if it apprises the defendant of the elements of the offense intended to be charged and apprises the defendant what he must be prepared to meet." *State v. Wilkes*, 353 S.C. 462, 465, 578 S.E.2d 717, 718 (2003). "Further, an indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon." *Id.*

The body of the indictment here alleged Ellison committed a sexual battery on a 13 year old. A person who commits a sexual battery on a person "who is fourteen years of age or less but who is at least eleven years of age" is guilty of second-degree CSC with a minor. S.C.Code Ann. § 16–3–655(2) (2003). However, the caption of the indictment and the title to the indictment's body stated the alleged crime was first-degree CSC with a minor, a crime involving prohibited sexual conduct with a person under the age of 11. § 16–3–655(1).

The indictment is even more complicated because the body also contains factual allegations apparently sufficient to charge both first-degree CSC by alleging Ellison used aggravated force and second-degree CSC by alleging Ellison used aggravated coercion. S.C.Code Ann. § 16–3–652(1)(a) (2003) (a person who commits a sexual battery by use of aggravated force is guilty of first-degree CSC); S.C.Code Ann. § 16–3–653(1) (2003) (a person who commits a sexual battery by use of aggravated coercion is guilty of second-degree CSC). The body of the indictment does not specifically state the name of the offense Ellison allegedly committed. Further confusing the issue, the indictment was amended at the beginning of trial to change the statutory reference from the general statute prohibiting CSC with minors to the statute prohibiting first-degree CSC.

Our supreme court recently reviewed the sufficiency of an indictment with similar difficulties. In *Cohen v. State,* 354 S.C. 563, 582 S.E.2d 403 (2003), the indictment alleged Willie Cohen engaged in CSC with a minor. The body of the indictment as well as its title and the indictment's caption all identified the crime as CSC with a minor in the first degree. However, the body of the indictment also stated the victim was 11 years old. *Id.* at 564, 582 S.E.2d at 404. The supreme court noted the indictment was insufficient to charge Cohen with first-degree CSC with a minor because the victim was 11 years old, not less than 11 as the statute requires. *Id.* The court went on to explain why the trial court also lacked subject matter jurisdiction to accept Cohen's guilty plea on the charge of second-degree CSC with a minor.

The question then becomes whether the indictment otherwise sufficiently states the offense of second degree CSC

with a minor. The indictment appears to sufficiently allege second degree CSC with a minor because it charges that respondent engaged in a sexual battery with a victim of eleven years of age. However, the body of the indictment includes the language "criminal sexual conduct with a minor in the *first* degree." (Emphasis added). The inclusion of the "first degree" language is not a scrivener's error given that the title and caption of the indictment both indicate the indictment is for first degree CSC with a minor.

\* \* \* \*

Further, the indictment does not sufficiently inform the court as to what judgment to pronounce. . . . Therefore the plea court was without subject matter jurisdiction to accept respondent's plea to second degree CSC with a minor.

*Id.* at 565–66, 582 S.E.2d at 405.

Both the caption of the indictment and the title preceding the body indicated Ellison was charged with first-degree CSC with a minor, a crime that was not alleged, factually or by name, in the body of the indictment. The body of the indictment contained a statutory reference indicating Ellison's conduct was a violation of the statute prohibiting CSC with minors, but did not identify a crime by name. However, the body of the indictment contained allegations sufficient to accuse Ellison of second-degree CSC with a minor and first and second-degree CSC. Then, at the beginning of trial, the indictment was amended to change the statutory reference to the section prohibiting first-degree CSC, and the assistant solicitor indicated this change was no surprise to Ellison as it was the intended charge all along. By this point, if not before, it was unclear what judgment the court could pronounce and sentence it could impose, as was the case in *Cohen*. This fact is evidenced by the court's submission of second-degree CSC with a minor to the jury as a lesser-included offense. It is unclear whether any conviction could be had on this indictment. But, even if it could have supported a conviction for first-degree CSC, it did not confer jurisdiction on the charge of second-degree CSC with a minor because it is not a lesser-included offense of first-degree CSC.

The test to determine whether an offense is a lesser-included offense of another is whether the greater offense

contains all of the elements of the lesser offense. *Joseph v. State*, 351 S.C. 551, 555, 571 S.E.2d 280, 282 (2002). Because second-degree CSC with a minor requires the victim be between the ages of 11 and 14, it is not a lesser-included offense of first-degree CSC, which contains no element regarding the victim's age. Viewing this indictment with a "practical eye" we are compelled to conclude the court lacked subject matter jurisdiction to convict Ellison of second-degree CSC with a minor. *See State v. Gunn*, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993) (noting "that in viewing the sufficiency of an indictment we must look at the issue with a practical eye in view of the surrounding circumstances").

**VACATED.[1]**

HEARN, C.J., and CONNOR, J., concur.

---

1. Because of our resolution of this issue, we need not address Ellison's remaining issue.