593 S.E.2d 139

David E. THOMPSON, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25775.

Supreme Court of South Carolina.

Submitted Sept. 25, 2003.

Decided Jan. 27, 2004.

Rehearing Denied March 4, 2004.

Katherine Carruth Link, and South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief of Capital & Collateral Litigation Donald J. Zelenka, and Assistant Attorney General B. Allen Bullard, Deputy Assistant Attorney General William Bryan Dukes, all of Columbia, for respondent.

Justice MOORE:

We granted a writ of certiorari to consider whether the circuit court was without subject matter jurisdiction to accept petitioner's plea to two counts of criminal conspiracy. We now dismiss the writ as improvidently granted.

## FACTS

Petitioner Thompson was indicted in January 1994 for murder, armed robbery, and two counts of criminal conspiracy for

his participation in the murder of seventy-three-year-old Lula Mae Bass who was brutally beaten and stabbed to death in her home. The State gave notice of its intent to seek the death penalty. After extensive jury voir dire, petitioner decided to plead guilty. He was sentenced to life without parole for thirty years on the murder charge, a consecutive sentence of twenty-five years for armed robbery, and a consecutive "joint sentence" of five years for the two conspiracy counts.

In 1997, petitioner commenced this post-conviction relief (PCR) action alleging several grounds for relief. The PCR judge found these allegations without merit. Petitioner then sought a writ of certiorari in this Court claiming for the first time that the trial court was without subject matter jurisdiction because the indictments charging him with criminal conspiracy are insufficient.

### ISSUE

Are the indictments sufficient to confer subject matter jurisdiction?

### DISCUSSION

The indictments for criminal conspiracy allege as follows:

### CRIMINAL CONSPIRACY

### (16–17–410)

That [petitioner] did in Dillon County on or about January 30, 1992, unlawfully and wilfully unite, combine, conspire, confederate, agree to commit the offense of Armed Robbery.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

### CRIMINAL CONSPIRACY

### (16–17–410)

That [petitioner] did in Dillon County on or about January 30, 1992, unlawfully and wilfully unite, combine, conspire, confederate, agree to commit the offense of Murder.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

▮▮▮ Petitioner first contends these indictments are insufficient because they do not allege all the elements of criminal conspiracy. Failure to sufficiently allege all the elements of the offense is a jurisdictional defect that cannot be waived. *Hooks v. State*, 353 S.C. 48, 577 S.E.2d 211 (2003); *see also State v. Gunn*, 313 S.C. 124, 437 S.E.2d 75 (1993) (indictment that does not allege element of offense is insufficient to confer jurisdiction). Accordingly, this contention may be raised for the first time in this Court. *Hooks v. State, supra.*

Conspiracy is a combination between two or more persons for the purpose of accomplishing an unlawful object or a lawful object by illegal means. S.C.Code Ann. § 16–17–410 (Supp. 2002). The body of each indictment simply states that petitioner did "unite, combine, conspire, confederate, [and] agree to commit" the alleged offense. Petitioner complains this language is insufficient to allege conspiracy because it does not specify "with another or others."

By definition the words "combine," "unite," "conspire," "confederate," and "agree" all imply an action with another. *See Joseph v. State*, 351 S.C. 551, 571 S.E.2d 280 (2002) (finding words of indictment encompassed within meaning of words used in statute charged). Assuming, however, that these words alone do not sufficiently indicate an agreement between two or more persons, the titles of the indictments both cite § 16–17–410. As we recently clarified, the title of an indictment may be considered in determining the indictment's sufficiency as a whole. *State v. Wilkes*, 353 S.C. 462, 578 S.E.2d 717 (2003). The language in the body of each indictment together with the reference to the statute in each title sufficiently alleges all the elements of criminal conspiracy.

▮▮▮ Petitioner further contends these indictments are insufficient because they do not identify the victim and the co-conspirator, nor do they specify facts upon which the charges are based.

▮▮▮ Not all defects in an indictment involve subject matter jurisdiction. Non-jurisdictional defects apparent on the face of the indictment must be timely raised as required by

S.C.Code Ann. § 17–19–90 (2003) [1] or they are waived. *Hooks v. State, supra; State v. Young*, 243 S.C. 187, 133 S.E.2d 210 (1963). While the failure to allege certain circumstances of the crime may be ground to quash an indictment for insufficient notice,[2] such a defect does not necessarily implicate the court's subject matter jurisdiction which is satisfied so long as the elements of the offense are sufficiently stated.

Here, the alleged defects regarding the victim's name, the co-conspirator's identity, and the particular details of the conspiracy are defects that are facially apparent and do not involve the elements of the offense. *See State v. McGill*, 191 S.C. 1, 3 S.E.2d 257 (1939) (issues concerning the victim's name in an indictment do not involve the court's jurisdiction); *State v. Hightower*, 221 S.C. 91, 69 S.E.2d 363 (1952) (co-conspirators need not be named); *State v. McIntire*, 221 S.C. 504, 71 S.E.2d 410 (1952) (facts detailing a conspiracy are not required). Because these defects are not jurisdictional, petitioner cannot raise them for the first time now.

**DISMISSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, concur.

---

1.  This section provides:
    Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards.
    This section applies whether the defendant goes to trial or pleads guilty. *Hooks v. State, supra.*

2.  Our discussion of circumstances of the crime includes venue. A defect in venue may be raised by a timely motion to quash. *See, e.g., State v. Montgomery*, 246 S.C. 545, 144 S.E.2d 797 (1965) (lower court erred in denying timely motion to quash where indictment did not name illegitimate child who was subject of action for nonsupport); *State v. McIntire*, 221 S.C. 504, 71 S.E.2d 410 (1952) (motion to quash properly denied where indictment sufficiently alleged venue). Venue does not relate to the court's subject matter jurisdiction. *State v. Evans*, 307 S.C. 477, 415 S.E.2d 816 (1992). We note that language in *McIntire* speaks of the allegation of the county where the crime occurred as necessary to "lay the jurisdiction of the court." This loose reference to "jurisdiction" instead of the proper term "venue" has mistakenly joined venue with subject matter jurisdiction in at least one later case. *See Jones v. State*, 333 S.C. 6, 507 S.E.2d 324 (1998). *McIntire* and *Jones* are overruled to the extent they conflict with our discussion of subject matter jurisdiction herein.