THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State,       
 Respondent,
 
 
 

v.

 
 
 
Donald Mathis,       
Appellant.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No.  2004-UP-571
Submitted November 1, 2004  Filed November 
 15, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, 
 for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia; and Robert M. 
 Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  A Greenville 
 County grand jury indicted Donald Mathis in February 2002 for criminal sexual 
 conduct with a minor in the first degree.  Following a two-day trial, Mathis 
 was convicted and sentenced to a term of thirty years.  On appeal, Mathis argues 
 for the first time that the trial court lacked subject-matter jurisdiction because 
 the indictment did not sufficiently identify the alleged victim.  The indictment 
 read in pertinent part: [t]hat DONALD RAY MATHIS did in Greenville County, 
 on about the 19th day of May, 2001, commit a sexual battery on G.S.H., who was 
 less than eleven years of age.  Thus, Mathis avers the indictment is ineffective 
 because it only contains the victims initials and not her full name.  We disagree.
Section 17-19-90 of the South 
 Carolina Code states that [e]very objection to any indictment for any defect 
 apparent on the face thereof shall be taken by demurrer or on motion to quash 
 such indictment before the jury shall be sworn and not afterwards.  S.C. Code 
 Ann. § 17-19-90 (2003).  It is beyond dispute that the alleged defect in the 
 current case was apparent on the face of the indictment, yet Mathis failed to 
 raise the matter to the trial court before the jury was sworn.  In Thompson 
 v. State, 357 S.C. 192, 593 S.E.2d 139 (2004), our supreme court held that 
 alleged defects in an indictment concerning a victims name do not raise jurisdictional 
 concerns and failure to object to such defects pursuant to section 17-19-90 
 results in waiver.  Id. at 196, 593 S.E.2d at 141.  Accordingly, this 
 issue is not preserved for our review.   
AFFIRMED. 
 [1] 
HEARN C.J., GOOLSBY, and WILLIAMS, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.