PER CURIAM: 

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Bobby Joe Reeves,       
Appellant.
 
 
 

Appeal From Richland County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2005-UP-099
Submitted February 1, 2005  Filed February 
 10, 2005

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz III, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Bobby Joe Reeves appeals his 
 conviction for first-degree criminal sexual conduct with a minor.  He contends 
 the circuit court lacked subject matter jurisdiction to convict him of this 
 offense because the indictment did not identify the victim by name and did not 
 state the offense with sufficient certainty and particularity.  We affirm. 
 [1] 
FACTS
In 1990, when the victim was eight months 
 old, her mother met Reeves through a mutual friend.  For financial reasons, 
 the victim and her mother moved in with Reeves.  During this time, the victim 
 became attached to Reeves and viewed him as a father figure.  Reeves moved out 
 of the home when the victim was five years old.  Despite the move, Reeves maintained 
 contact with the victim and her mother.  The victim had overnight visits with 
 Reeves almost every other weekend. 
In 1998, the victim and her mother moved 
 to Georgia.  Reeves continued to maintain a relationship with the victim 
 until July 4, 2000.  According to the victims mother, the victim began to act 
 unusual after the July 4th weekend.  Toward the latter part of July 2000, 
 Reeves contacted the victims mother to schedule a visit with the victim.  When 
 the victim refused to go to Reeves home, the victims mother questioned her 
 about her decision.  The victim told her mother that Reeves had sexually abused 
 her on several occasions during her visits.
Immediately after this conversation, 
 the victims mother contacted law enforcement in Augusta, Georgia.  On July 
 31, 2000, the case was referred to the Richland County Sheriffs Department.  
 Ultimately, a Richland County grand jury indicted Reeves for one count of lewd 
 act upon a child and first-degree criminal sexual conduct (CSC) with a minor.  
 A jury convicted Reeves of both charges and the trial judge imposed concurrent, 
 fifteen-year sentences.
DISCUSSION
For the first time on appeal, Reeves challenges his 
 conviction for first-degree CSC with a minor on the ground the indictment was 
 invalid. [2]   Specifically, he 
 contends the trial court was divested of subject matter jurisdiction to convict 
 him of this offense because the indictment did not identify the victim by name 
 and did not state the offense with sufficient certainty and particularity.  
 Based on these alleged deficiencies, Reeves characterizes the indictment as 
 incomprehensible.  We disagree.
Issues relating to subject matter jurisdiction 
 may be raised at any time.  Browning v. State, 320 S.C. 366, 368, 465 
 S.E.2d 358, 359 (1995).  A circuit court has subject matter jurisdiction if:  
 (1) there has been an indictment that sufficiently states the offense; (2) there 
 has been a waiver of indictment; or (3) the charge is a lesser-included charge 
 of the crime charged in the indictment.  Id.; see Brown v. 
 State, 343 S.C. 342, 346, 540 S.E.2d 846, 849 (2001) (stating acts of a 
 court with respect to a matter to which it has no subject matter jurisdiction 
 are void).  
South Carolina appellate courts have held 
 the sufficiency of an indictment must be viewed with a practical eye; all the 
 surrounding circumstances must be weighed before an accurate determination of 
 whether a defendant was or was not prejudiced can be reached. State v. Adams, 
 277 S.C. 115, 125, 283 S.E.2d 582, 588 (1981), overruled on other grounds 
 by State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991).
An indictment is sufficient if it contains the necessary 
 elements of the offense intended to be charged and sufficiently apprises the 
 defendant of what he must be prepared to meet.  Browning, 320 S.C. at 
 368, 465 S.E.2d at 359; State v. Gill, 355 S.C. 234, 238, 584 S.E.2d 
 432, 434 (Ct. App. 2003), cert. denied (Sept. 23, 2004).  Further, an 
 indictment is sufficient if the offense is stated with sufficient certainty 
 and particularity to enable the court to know what judgment to pronounce, and 
 the defendant to know what he is called upon to answer and whether he may plead 
 an acquittal or conviction thereon. State v. Curtis, 356 S.C. 622, 628-29, 
 591 S.E.2d 600, 603 (2004).  An indictment phrased substantially in language 
 of a statute which creates and defines the offense is ordinarily sufficient.  
 Id. at 628, 591 S.E.2d at 603; see S.C. Code Ann. § 17-19-20 (2003) 
 (Every indictment shall be deemed and judged sufficient and good in law which, 
 in addition to allegations as to time and place, as required by law, charges 
 the crime substantially in the language of the common law or of the statute 
 prohibiting the crime or so plainly that the nature of the offense charged may 
 be easily understood and, if the offense be a statutory offense, that the offense 
 be alleged to be contrary to the statute in such case made and provided.).
In the instant case, the indictment for first-degree 
 CSC with a minor provided:

That Bobby Joe Reeves did in Richland County between June 
 30 and July 4, 2000, wilfully, unlawfully and feloniously commit a sexual battery 
 to wit:  sexual intercourse and/or fellatio and/or any intrusion, however slight, 
 of any part of a persons body or of any object into the genital and/or anal 
 opening of a persons body, except when such intrusion is accomplished for medically 
 recognized treatment or diagnostic purposes, who at the time was less than 11 
 years of age.  All in violation of SC Code of Laws § 16-3-655.

A person is guilty of criminal sexual 
 conduct in the first degree if the actor engages in sexual battery with the 
 victim who is less than eleven years of age.  S.C. Code Ann. § 16-3-655 (1) 
 (2003).  A [s]exual battery means sexual intercourse, cunnilingus, fellatio, 
 anal intercourse, or any intrusion, however slight, of any part of a persons 
 body or of any object into the genital or anal openings of another persons 
 body, except when such intrusion is accomplished for medically recognized treatment 
 or diagnostic purposes.  S.C. Code Ann. § 16-3-651(h) (2003). 
In terms of Reeves complaint concerning 
 the States failure to identify the victim by name, we find this omission did 
 not invalidate the indictment.  In several cases, this court and our supreme 
 court have found amendments that corrected the names of victims did not change 
 the nature of the charged offense, and, thus, did not deprive the circuit court 
 of subject matter jurisdiction.  See State v. Sweat, 221 S.C. 
 270, 273-74, 70 S.E.2d 234, 235-36 (1952) (holding nature of offense of larceny 
 was not changed when State amended indictment to change the name of the victim); 
 State v. ONeal, 210 S.C. 305, 309, 42 S.E.2d 523, 524-25 (1947) (finding 
 amendment to indictment to correct name of defendant did not change the nature 
 of the offense charged); State v. McGill, 191 S.C. 1, 4-5, 3 S.E.2d 257, 
 258-59 (1939) (finding issues regarding the victims name in an indictment do 
 not involve the circuit courts jurisdiction); State v. Barnett, 358 
 S.C. 199, 201 n.1, 594 S.E.2d 534, 535 n.1 (Ct. App. 2004) (holding, in case 
 involving charge of grand larceny of a vehicle, amendment to name of owner of 
 the vehicle was not a jurisdictional flaw); State v. Johnson, 314 S.C. 
 161, 166, 442 S.E.2d 191, 194 (Ct. App. 1994) (holding amendment to substitute 
 the Corporation for the Foundation involved in charge of breach of trust with 
 fraudulent intent did not deprive the circuit court of subject matter jurisdiction 
 where nature of the crime charged in the original indictments was not changed 
 by the substitution of the victim in the amended indictments); cf. State 
 v. Bryson, 357 S.C. 106, 112, 591 S.E.2d 637, 640 (Ct. App. 2003) (concluding 
 amendment to replace name of one victim with another involved in charge of assaulting 
 an officer while resisting arrest divested the circuit court of subject matter 
 jurisdiction given the amendment replaced the properly indicted count of assaulting 
 an officer while resisting arrest with a second unindicted count of the same 
 crime).
Although this case involved the omission 
 of the victims name and not an amendment, we find the principles outlined in 
 the above-cited cases are applicable.  Moreover, we believe our supreme courts 
 decision in Thompson v. State, 357 S.C. 192, 593 S.E.2d 139 (2004), is 
 dispositive of this issue.  In Thompson, the defendant pleaded guilty 
 to murder, armed robbery, and two counts of criminal conspiracy.  Several years 
 after the plea, Thompson petitioned our supreme court for a writ of certiorari 
 alleging for the first time that the trial court was without subject matter 
 jurisdiction because the indictments charging him with criminal conspiracy were 
 insufficient.  One of the grounds raised by Thompson was the fact that the indictments 
 did not identify the victim and the co-conspirator and did not specify facts 
 upon which the charges were based.  Our supreme court rejected this contention, 
 finding the alleged defects regarding the victims name, the co-conspirators 
 identity, and the particular details of the conspiracy are defects that are 
 facially apparent and do not involve the elements of the offense.  Id. 
 at 196, 593 S.E.2d at 141.  
Applying Thompson to the instant 
 case, we hold the States failure to identify the victim by name did not constitute 
 a jurisdictional defect. [3]   
 Given this holding, we find it was incumbent upon Reeves to raise this challenge 
 prior to trial.  
Furthermore, viewing the indictment with 
 a practical eye, we hold it stated the offense of first-degree CSC with a minor 
 with sufficient certainty and particularity to enable the trial court and Reeves 
 to know what crime was alleged.  Both the caption of the indictment and title 
 preceding the body of the indictment identified the charged offense as first-degree 
 criminal sexual conduct with a minor.  Additionally, the body of the indictment 
 identified the applicable statute, described the alleged sexual battery in terms 
 of the statute, and identified the age of the victim as less than eleven years 
 old.
In support of his 
 argument, Reeves directs our attention to this courts decision in State 
 v. Ellison, 356 S.C. 33, 586 S.E.2d 596 (Ct. App. 2003).  We find, however, 
 that Ellison is distinguishable from the instant case.  In Ellison, 
 the defendant was indicted pursuant to an allegation that he sexually assaulted 
 a thirteen-year-old girl.  The caption of the indictment and the title preceding 
 the body of the indictment identified the offense as first-degree CSC with a 
 minor.  The body of the indictment stated the victim was thirteen years old 
 and the sexual battery was committed using aggravated force and aggravated coercion.  
 Id. at 35, 586 S.E.2d at 597.  At the beginning of the trial, the State 
 moved, without objection, to amend the indictment to charge the defendant with 
 first-degree CSC.  The trial court instructed the jury on the offense of first-degree 
 CSC and, on its own initiative, charged the jury on second-degree CSC with a 
 minor as a lesser-included offense.  Id. at 36, 586 S.E.2d at 597.  The 
 jury convicted the defendant of second-degree CSC with a minor.  
On appeal, this court vacated 
 the defendants conviction, finding the trial court was without subject matter 
 jurisdiction to convict the defendant of this offense.  Specifically, the court 
 found:  1). second-degree CSC with a minor was not a lesser-included offense 
 of first-degree CSC; and 2). the original indictment did not sufficiently state 
 the offense for which the defendant was indicted.  Regarding the insufficiency 
 of the indictment language, we concluded:  1). the body of the indictment contained 
 allegations for second-degree CSC with a minor, first-degree CSC, and second-degree 
 CSC; and 2). the caption and title of the indictment alleged the crime of first-degree 
 CSC with a minor.  Id. at 38, 586 S.E.2d at 598.   Based on these discrepancies, 
 we held the indictment was unclear as to what judgment the court could pronounce 
 and sentence it could impose.  Id. at 38, 586 S.E.2d at 598. 
Unlike Ellison, the 
 indictment in the instant case clearly alleged in the caption, title, and body 
 that Reeves was being charged only with first-degree CSC with a minor.    
Finally, to the extent Reeves characterizes 
 the indictment as incomprehensible, we also find this argument to be without 
 merit.  Because the sexual battery described in the indictment merely tracked 
 the language of the definitional statute, Reeves contends he was not apprised 
 of what he was called upon to answer.  Initially, we note the fact that indictment 
 used the statutory language weighs in favor of finding the indictment sufficient 
 given it charges the crime substantially in the language . . . of the statute 
 prohibiting the crime.  S.C. Code Ann. § 17-19-20 (2003).  Furthermore, the 
 victim alleged Reeves forced her to perform oral sex and digitally penetrated 
 her on one occasion.  Thus, the victims allegations involved different types 
 of sexual battery that are encompassed in the language of the indictment.  
CONCLUSION
Based on the foregoing, we find the 
 circuit court had subject matter jurisdiction to convict Reeves of first-degree 
 CSC with a minor.  Accordingly, Reeves convictions and sentences for first-degree 
 CSC with a minor and lewd act upon a minor are
 AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ., concur.

 
 
 [1]    Because oral argument would not aid the court in resolving the 
 issues on appeal, we decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]   We note Reeves does not appeal his conviction and sentence for lewd 
 act upon a minor.  Because he received a concurrent, fifteen-year term of 
 imprisonment, we need not address his issue on appeal.  However, given this 
 issue involves questions of subject matter jurisdiction, we decline to apply 
 the concurrent sentence doctrine.  State v. Ervin, 333 S.C. 351, 
 359, 510 S.E.2d 220, 225 (Ct. App. 1998).  

 
 
 [3]    We would also point out that the victim was identified by name 
 in the indictment for lewd act upon a minor, the victim testified during an 
 in camera hearing prior to the trial, and the trial judge identified the victim 
 by name during jury selection.