THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Charles Andrae Grayton, Appellant.
 
 
 

Appeal From Orangeburg County
John L. Breeden, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-495
Submitted August 1, 2005  Filed August 22, 2005  

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, South Carolina Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General W. Rutledge Martin, of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Charles Grayton appeals from his conviction for criminal sexual conduct with a minor in the first degree and his sentence to twenty-five years imprisonment.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Issue I: State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) (holding if an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards); Thompson v. State, 357 S.C. 192, 593 S.E.2d 139 (2004) (stating the lack of the victims name in the indictment did not render it invalid or insufficient).  Issue II:  State v. Gay, 343 S.C. 543, 541 S.E.2d 541 (2001) (noting the admission of evidence is in the discretion of the trial judge); State v. Beckham, 334 S.C. 302, 513 S.E.2d 606 (1999) (stating evidence offered by a defendant as to the commission of the crime by another person is limited to facts which are inconsistent with the defendants guilt); State v. Gregory, 198 S.C. 98, 16 S.E.2d 532, 535 (1941) ([B]efore such testimony can be received, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party.) (citation omitted).
AFFIRMED. [1]
GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.